# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Rodney J. Ireland, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 3:13-cv-3 |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Maggie D. Anderson, Executive Director, | ) |
| North Dakota Department of Human | ) |
| Services, et al., | ) |
| | ) |
| Defendants. | ) |

The named plaintiffs in this proposed class action are 29 individuals 1) who are civilly committed as sexually dangerous individuals, 2) who were previously committed as sexually dangerous individuals, or 3) who are in the process of civil commitment proceedings as alleged sexually dangerous individuals.

This action began with three plaintiffs acting *pro se*. After review of their initial complaint, the court appointed counsel to represent plaintiffs. (Doc. # 27). Appointed counsel filed an amended complaint. (Doc. # 40). Defendants filed a motion to dismiss (Doc. # 51), and plaintiffs then sought leave to file a second amended complaint. (Doc. # 82). A June 24, 2014 Report and Recommendation of Magistrate Judge Karen K. Klein (Doc. # 99) recommended that plaintiffs be granted leave to file a second amended complaint, and that defendants' motion to dismiss the first amended complaint be dismissed as moot in light of filing of the second amended complaint. In a July 25, 2014 order (Doc. # 102), Chief District Judge Ralph R. Erickson adopted that report and recommendation.

After the second amended complaint was filed (Doc. #112), defendants answered and again moved to dismiss for failure to state a claim. (Docs. #115 and 116). Subsequently, defendants filed a separate motion to dismiss the claims of two named plaintiffs, who are no

longer civilly committed, as moot. (Doc.#143). Plaintiffs have now filed a Motion for Permission to File a Third Amended Complaint and Request that Pending Motions to Dismiss be Denied Without Prejudice. (Doc. #150). In addition to addressing the alleged pleading deficiencies, plaintiffs' third amended complaint would add four individuals as plaintiffs, and would add a supplemental state law claim. Defendants have been granted additional time to respond to plaintiffs' motion for permission to again amend the complaint. (Doc. # 155).

## Summary of Recommendation

It is **RECOMMENDED** 1) that claims against three state officials in their individual capacities be dismissed (with plaintiffs' concurrence), 2) that defendants' motion to dismiss be denied insofar as it relies upon the Rooker-Feldman doctrine, and 3) that defendants' motions to dismiss (Docs. # 115 and 143) otherwise be stayed until defendants have responded to plaintiffs' motion for permission to file a proposed third amended complaint.

## Law and Discussion

**1. Procedural Issues**

A motion to dismiss may be rendered moot by a motion to amend a complaint. In Pure Country, Inc., v. Sigma Chi Fraternity, 312 F.3d 952 (8th Cir. 2002) the appellate court concluded that the district court's grant of a motion to dismiss the original complaint, and then denying as moot a motion to amend which had been filed in response to the motion to dismiss the complaint, was plainly erroneous. The Eighth Circuit stated:

> "If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint. We therefore reverse the district court's denial of Pure Country's motion to amend the complaint, and we remand the matter to the district court with instructions to reconsider the motion under the discretionary standard asserted by Pure Country. In order to permit the district court to reconsider the motion to amend the complaint, we also vacate the district court's dismissal of the original complaint; however, we do so subject to the possibility that

the claims in question may again be dismissed by the district court following its ruling on the motion to amend."

Id. at 956 (citations omitted). Although it would be preferable to not have repeated motions to amend in response to motions to dismiss, judicial economy and efficiency would be best served by the court considering a fully-briefed motion to amend when considering the motion to dismiss. This court therefore recommends that, except as noted below, defendants' motions to dismiss be stayed at this time.

**2.     Individual Capacity Claims**

The second amended complaint includes claims against Maggie D. Anderson (Executive Director, North Dakota Department of Human Services), Alex Schweitzer (Superintendent, North Dakota State Hospital), and Leann Bertsch (Director, North Dakota Department of Corrections and Rehabilitation) in their individual capacities. (Doc. #112, ¶'s 9-11). Plaintiffs now agree that individual capacity claims against those officials, insofar as they seek prospective equitable relief, should be dismissed without prejudice. (Doc. #136 at 21). An order so doing should be entered.

**3.     Rooker-Feldman Doctrine**

As in their first motion to dismiss, defendants assert that this court does not have subject matter jurisdiction over certain of plaintiffs' claims under the Rooker-Feldman[1] doctrine. Specifically, defendants contend that Paragraphs 7, 16(b)-(h), 17, 21(c), 24(c), 24(j), 159-79, 193-95, 204, and 210 (See Doc. #127 at 25) are barred under the Rooker-Feldman doctrine because they concern procedural decisions of the state courts, the initial commitments of

---

[1] The Rooker-Feldman doctrine is based on two United States Supreme Court cases - Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

plaintiffs, and challenges to the constitutionality of N.D. Cent. Code chapter 25-03.3 as it relates to plaintiffs' initial commitments.

The previous Report and Recommendation, which was adopted by the district judge (Doc. 102), included discussion of application of the Rooker-Feldman doctrine:

> Defendants contend plaintiffs are improperly requesting this court to review the state district courts' orders civilly committing the plaintiffs and continuing their commitments as sexually dangerous individuals, in contravention of the Rooker-Feldman doctrine. (Response to Motion to Amend, Doc. #83, pp. 7-8). Plaintiffs aver they are bringing "a broad challenge to North Dakota's civil commitment system" and are challenging the Department of Corrections and Rehabilitation's policies and procedures used in referring an individual for civil commitment and the pre-hearing treatment of those individuals, the conditions of confinement at the North Dakota State Hospital, the Department of Human Service's failure to provide adequate treatment in the least restrictive environment, the constitutionality of the state statute governing the civil commitments of sexually dangerous individuals, codified at N.D. Cent. Code ch. 25-03.3, and the "executive action implementing that statute." (Reply Brief, Doc. #92, pp. 1-2); (see also Proposed Second Amended Complaint, Doc, #82-1, p. 5) ("[P]laintiffs allege that North Dakota's system of civil commitment of sexually dangerous individuals violates federal and constitutional law.").
>
> The Rooker-Feldman doctrine is derived from two United States Supreme Court cases in which the Court held that federal district courts lack subject matter jurisdiction to review state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine is narrow and "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp, 544 U.S. 280, 284 (2005). It does not apply to a suit seeking review of a state agency action. Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644, n. 3 (2002). It does not bar an "independent claim" even when "the same or a related question was earlier aired between the parties in state court." Skinner v. Switzer, 131 S.Ct. 1289, 1297 (2011) (internal quotation marks and citation omitted). Additionally, statutes and rules governing state court decisions may be challenged in lower federal courts and are not precluded by the Rooker-Feldman doctrine. Id. at 1298.
>
> First, defendants specifically contend this court lacks jurisdiction over the due process claim related to plaintiffs who were civilly committed without a conviction for a sexual offense. (Response to Motion to Amend, Doc. #83, p. 8). However, addressing the claim would not require this court to review and reject the state

4

courts' findings that those particular plaintiffs are sexually dangerous individuals under the current state law. Rather, the due process claim is an independent claim challenging the constitutionality of the state statute that fails to require an adult conviction for a sexual offense as a prerequisite to the civil commitment of an individual as sexually dangerous. See Skinner, 131 S.Ct. at 1298 (state statute may be challenged in a federal action) (citing Feldman, 460 U.S. at 487; Exxon 544 U.S. at 286).

Additionally, the claim is not inextricably intertwined with the state court decisions. "[A] federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). Success on plaintiffs' claim seeking prospective relief is not dependant upon a finding that the state courts wrongly decided the issues; rather, plaintiffs' claim generally challenges the governing statute's definition of a sexually dangerous individual, which challenge is not precluded by Rooker-Feldman.

(Report and Recommendation, Doc. # 99 at 5-7, footnotes omitted).

Defendants' current position regarding application of the Rooker-Feldman doctrine is no different than it was when the first motion to dismiss was considered. This court therefore recommends the same decision regarding application of that doctrine.

**Conclusion**

Based on the agreement of the parties, it is **RECOMMENDED** that the individual capacity claims against the three state officials named as defendants be **DISMISSED**. Because the jurisdictional issue related to application of the Rooker-Feldman doctrine has already been considered, it is **RECOMMENDED** that defendants' motion to dismiss on that basis be **DENIED**. It is further **RECOMMENDED** that, for reasons of judicial economy, defendants' motions to dismiss be **STAYED** in all other respects, pending receipt of additional briefing.

Dated this 24th day of February, 2015.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Court Civil Rule 72.1(D)(3), any party may file written objections to this Report and Recommendation by March 10, 2015. Failure to file objections may result in the recommended action being taken.