IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Rodney J. Ireland, et al., | |
| Plaintiffs, | Case No. 3:13-cv-03 |
| -vs- | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Maggie D. Anderson, Executive Director, North Dakota Department of Human Services, et al., | |
| Defendants. | |

The Court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending (1) the claims against three state officials in their individual capacities be dismissed; (2) defendants' motion to dismiss be denied as to the <u>Rooker-Feldman</u> doctrine; and (3) defendants' motions to dismiss be stayed until defendants have responded to plaintiffs' motion for leave to file a proposed third amended complaint.[1]

The defendants filed objections to the Report and Recommendation, requesting that the court address their <u>Rooker-Feldman</u> argument as to plaintiffs' claims challenging state courts' decisions and dismiss plaintiffs' claims that seek to review and reverse state court decisions.[2] The plaintiffs also filed a "statement" regarding the Report and Recommendation, clarifying that they conceded to the dismissal of individual capacity claims contained in the second amended complaint but that concession was not intended

---

[1] Doc. #159.

[2] Doc. #163.

to apply to the proposed third amended complaint.[3]

The court has reviewed all of the pleadings in this case as well as the parties' objections. Pending before the court is a motion to file a third amended complaint.[4] As noted by the magistrate judge, the Report and Recommendation addressed allegations and claims contained in the second amended complaint.  Consistent with the parties' agreement, the individual capacity claims alleged in the second amended complaint against Maggie D. Anderson, Alex Schweitzer, and Leann Bertsch are hereby dismissed without prejudice.  Each complaint must be assessed separately.  If the plaintiffs are granted leave to amend their complaint and the defendants believe there are individual capacity claims subject to dismissal, the defendants should file the appropriate motion.

 In response to various objections by the defendants, the plaintiffs have sought to amend their complaint a number of different times.  With regard to the Rooker-Feldman doctrine, the court addressed this issue in the context of a motion to amend the complaint.[5] The court noted that the proposed second amended complaint was not futile and that the Rooker-Feldman doctrine did not deprive this court of subject matter jurisdiction.[6]  There is no additional evidence in the record that would warrant this court revisiting the issue at this time.  Once the motion to amend is decided, the defendants may request that the court address any particular Rooker-Feldman arguments tailored to the particular version of the complaint in effect at that time.

---

[3] Doc. #162.

[4] Doc. #150.

[5] Doc. #99.

[6] Id. at p. 20.

Upon consideration of the Report and Recommendation and the entire record, the court hereby adopts the magistrate judge's analysis contained in the Report and Recommendation. For the reasons stated therein, the individual capacity claims alleged against the three state officials in the second amended complaint are **DISMISSED WITHOUT PREJUDICE**. The defendants' motion to dismiss on the basis of the <u>Rooker-Feldman</u> doctrine is denied, but may be renewed if there is a new claim raised in an amended complaint or additional evidence that the defendants believe subjects a claim to dismissal under the doctrine. The defendants' motions to dismiss in all other respects are **STAYED** pending receipt of additional briefing and a decision on the motion for leave to amend.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2015.

*/s/   Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court