# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Rodney J. Ireland, Lester McGillis, Gerald DeCoteau, William Carter, Ryan Corman, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Jeremy Johnson, Michael Kruk, Garrett Loy, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie, Robert Lilley, Darl Hehn, Oliver Wardlow, Joshua Keeping, Matthew Dyer, Travis Wedmore, Kyle Aune, Marcus Bartole, Jason Gores, Estel Naser, Andrew Olafson, Stanton Quilt, Raymond Voisine, Eugene Wegley, David Anderson, Eugene Fluge, Robert Beauchamp, and Sandy Mangelsen, <br><br>　　　　　Plaintiffs, <br><br>　　vs. <br><br>Maggie D. Anderson, Executive Director, North Dakota Department of Human Services, in her individual and official capacity, Alex Schweitzer, in his individual capacity, Leann Bertsch, Director, North Dakota Department of Corrections and Rehabilitation, in her individual and official capacity, State of North Dakota, North Dakota Department of Human Services, North Dakota Department of Corrections and Rehabilitation, North Dakota State Hospital, and Dr. Rosalie Etherington, Superintendent of the North Dakota State Hospital, in her official capacity, <br><br>　　　　　Defendants. | Case No. 3:13-cv-3 <br><br> **SUPPLEMENTAL REPORT AND RECOMMENDATION** |

On July 15, 2015, this court issued a Report and Recommendation (hereinafter "R&R"), (Doc. #191), recommending that the following claims made in the Third Amended Complaint be dismissed: claims involving plaintiffs who are not currently

civilly committed, claims against the Department of Corrections and Rehabilitation (DOCR) and its director, claims against state officials in their personal capacities, and claims alleged under the Americans with Disabilities Act. The July 15, 2015 R&R recommended against dismissal in all other respects.

Subsequently, the parties stipulated to the filing of a Fourth Amended Complaint, with the provision that defendants' answer to the Third Amended Complaint would be considered their answer to the Fourth Amended Complaint. (Doc. #195). Plaintiffs then moved for leave to file a Fifth Amended Complaint. (Doc. #196). Defendants did not oppose that motion, but requested that if the motion were granted, their answer to the Third Amended Complaint then be considered their answer to the Fifth Amended Complaint, and that their pending motions to dismiss then be considered to apply to the Fifth Amended Complaint. The court granted leave to file the Fifth Amended Complaint, and advised the parties that, in light of that amended complaint having been filed, the court would consider whether to issue a Supplemental Report and Recommendation. (Doc. #200). The court gave the parties an opportunity to submit supplemental briefing prior to issuance of this Supplemental Report and Recommendation. Plaintiffs submitted a supplemental brief, (Doc. #214), which largely duplicates their objections to the July 15, 2015 R&R, (Doc. #197).

Relevant facts and a more extensive procedural history were part of the earlier R&R, and so are not repeated here.

**Summary of Supplemental Report and Recommendation**

Now considering defendants' motions to dismiss in light of the Fifth Amended Complaint, this court revises its earlier recommendation. This court now recommends

dismissal of claims involving plaintiffs who are not currently civilly committed and claims against state officials in their personal capacities, but the court recommends that the motions to dismiss be denied in all other respects.

## Law and Discussion

Defendants moved to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting failure to state a claim. A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint. To withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555. A court must determine whether the facts in a complaint "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S.662, 679 (2009). In ruling on a Rule 12(b)(6) motion, the court accepts factual allegations in the complaint as true and construes the pleading in the light most favorable to the non-moving party. The complaint must give a defendant fair notice of the claim. Twombly, 550 U.S. at 555.

**1. Claims of Plaintiffs Who Are Not Currently Civilly Committed As SDI's**

Eight of the named plaintiffs are not currently civilly committed, and the July 15, 2015 R&R recommended that the claims of those eight plaintiffs be dismissed as moot. Plaintiffs' supplemental brief asks this court to reconsider that recommendation, though the Fifth Amended Complaint made no changes specific to that group of plaintiffs. Though plaintiffs made no revisions to the complaint specific to this group, their supplemental brief includes authority not cited in their earlier briefs.

In their supplemental brief, plaintiffs contend that the earlier R&R construed their claims too narrowly, not sufficiently considering that they "challenge the State's entire [sexually dangerous individual (SDI)] system - from [Department of Corrections and Rehabilitation (DOCR)] referral to post-commitment detriments - based on violations of their federal constitutional and statutory rights." (Doc. #214, p. 2). They assert that SDI's who are discharged from Department of Human Services (DHS) custody remain subject to negative consequences flowing from the state's SDI system. The potential negative consequences which plaintiffs identify are monetary claims for cost of treatment under North Dakota Century Code section 25-03.3-21, continued social stigma because of having been determined to be an SDI, and the potential that they could be civilly committed as SDI's again in the future. Id. at 3-6. Plaintiffs further contend that their claims are capable of repetition that evades review, since defendants could moot their claims by discharging them. Id. at 7.

Plaintiffs contend that the earlier R&R improperly credited defendants' statement that the state had not actually sought to collect payment from any plaintiff. (Doc. #214, p. 4). The complaint includes no claim that the state has actually sought to collect payment from any plaintiff; it refers to some plaintiffs having received bills, and to the statute which allows a demand for payment. (Doc. #201, pp. 39, 53). The court has reviewed that portion of the earlier R&R which plaintiffs cite. (Doc. #191, p. 13). Since the current complaint makes no changes with regard to the state attempting to collect payments, the court's earlier recommendation will not be changed.

Citing Spencer v. Kemna, 523 U.S. 1, 7 (1998), plaintiffs contend that their situation is analogous to that of a person who has completed a criminal sentence being

allowed to proceed with a habeas petition because of ongoing collateral consequences of the criminal conviction. Spencer held that collateral consequences of a revocation of parole could not be presumed, but must be proved to proceed with a habeas petition. The Spencer court upheld dismissal of the habeas petition as moot, since the revocation of parole sentence had been completed, and the collateral consequences which the petitioner had asserted were not "concrete injuries-in-fact" of a kind sufficient to satisfy the requirements of Article III. Id. at 14. See also Maleng v. Cook, 490 U.S. 488, 492 (holding that a person whose sentence has fully expired is not "in custody" for purposes of a federal habeas petition merely because of the possibility that the prior conviction could be used to enhance a sentence imposed for any subsequent conviction); Maxwell v. Larkins, No. 4:08-CV-1896, 2010 WL 268033, at *3 (E.D. Mo. July 1, 2010) (finding that the possibility of civil commitment as a sexual offender does not satisfy "in custody" requirement to proceed with a federal habeas petition). The potential negative consequences which plaintiffs assert, like those asserted in Spencer, Maleng, and Maxwell, are not sufficient to satisfy the injury-in-fact requirements of Article III.

The Fifth Amended Complaint, like the prior complaints, states that plaintiffs do not seek review of their individual state commitment orders, and that they seek prospective relief only. (Doc. #210, p. 6). The current complaint does not describe the relief which plaintiffs who are not currently civilly committed might request in any further detail than had the previous complaints. This court's earlier recommendation for dismissal of claims of those plaintiffs who are no longer civilly committed as SDI's is not changed by the filing of the Fifth Amended Complaint.

## 2. Claims Against DOCR and Bertsch

The earlier R&R recommended that all claims against DOCR and Leann Bertsch be dismissed. The only claims against DOCR and Bertsch which plaintiffs argued in their initial responses to the motions to dismiss concerned DOCR's pre-petition process, (see Doc. #136), and this court concluded that plaintiffs had not shown existence of a right to pre-petition notice. In their supplemental brief, plaintiffs contend that their claims against DOCR and Bertsch are not limited to procedural due process claims. In the Fifth Amended Complaint, unlike earlier versions, plaintiffs' second and third claims specifically allege violations of their due process rights. (Doc. #201, pp. 83-84).

Plaintiffs' supplemental brief asserts substantive due process claims—that DOCR's referral system lacks a rational basis because it uses "discredited actuarial instruments to select persons to be referred" for SDI proceedings, without any rational basis or compelling state interest for doing so. (Doc. #214, p. 9). "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Zinermon v. Burch, 494 U.S. 113, 125 (1990). In light of the revisions to the complaint, and the direct assertion of substantive due process violations which plaintiffs now raise, this court now recommends that the claims against DOCR, and the official capacity claims against Bertsch, not be dismissed.

## 3. Personal Capacity Claims

The earlier R&R recommended that the personal capacity claims against Maggie D. Anderson and Alex Schweitzer be dismissed for failure to state a claim, and that if all claims against Bertsch and DOCR were not otherwise dismissed, that the personal capacity claims against Bertsch also be dismissed.

It is not clear that plaintiffs intend to continue to pursue personal capacity claims against any of the state officials. The caption of the Fifth Amended Complaint retains the same reference to defendants' individual capacities as did the prior complaints, and there are references to individual capacity claims in paragraphs 5, 6, and 7 of the Fifth Amended Complaint. However, Section IX of the Fifth Amended Complaint, which describes each of plaintiffs' five claims, makes the claims against the state officials only in their official capacities. (Doc. #201, pp. 77-80). The analogous section of prior versions of the complaint stated that the claims were brought against the state officials in both individual and official capacities. (Doc. #180, pp. 78-80). The court also notes that neither plaintiffs' supplemental brief nor plaintiffs' objection to the earlier R&R addressed the recommendation for dismissal of the personal capacity claims.

This court's earlier recommendation for dismissal of each of the personal capacity claims is not changed by filing of the Fifth Amended Complaint.

### 4.  Americans with Disabilities Act Claims

The Third Amended Complaint included claims under the Americans with Disabilities Act (ADA) with respect to only two plaintiffs—Lester McGillis and Timothy Olpin—neither of whom is currently civilly committed. The earlier R&R recommended that, even if their claims were not dismissed because they are no longer civilly committed, McGillis and Olpin's ADA claims be dismissed for failure to meet the pleading standards of Twombly/Iqbal.

The Fifth Amended Complaint adds a plaintiff, Oliver Wardlow, and asserts an ADA claim on his behalf. Specifically, it asserts that Wardlow has a mental disability which substantially limits his ability to work, and that he has in the past qualified for

7

Supplemental Security Income (SSI) benefits on that basis. The current complaint also alleges that an independent examiner has stated that Wardlow is not receiving adequate care for his mental disability at North Dakota State Hospital, and that he should be housed in a more appropriate facility. (Doc. #201, pp. 75-77). In this court's opinion, Wardlow's ADA claim meets the pleading standards of Twombly/Iqbal.

The current complaint also makes more specific factual allegations regarding the ADA claims of McGillis and Olpin. Id. at 76. However, since they are no longer in DHS custody, there appears to be no basis for prospective relief for either McGillis or Olpin for any ADA violations which might have occurred in the past. This court's earlier recommendation for dismissal of the ADA claims of McGillis and Olpin is not changed by filing of the Fifth Amended Complaint.

## Conclusion

The court now **RECOMMENDS** that defendants' motions to dismiss, (Doc. #115; Doc. #143), be **GRANTED IN PART**, specifically in the following respects:

(1) as to all claims of plaintiffs Ryan Corman, Matthew Graham, Rodney J. Ireland, Joshua Keeping, Lester McGillis, Paul Oie, Timothy Olpin, and Kevette Moore;

(2) as to all claims against Maggie D. Anderson and Leann Bertsch in their personal capacities;

(3) as to all claims against Alex Schweitzer, in both his personal and official capacities, in light of substitution of his successor as to official capacity claims; and

(4) if not dismissed pursuant to Paragraph 1 above, as to all claims asserted by

Lester McGillis and Timothy Olpin pursuant to the Americans with Disabilities Act.

This court further **RECOMMENDS** that the two motions to dismiss be **DENIED** in all other respects.

Dated this 9th day of September, 2015.

                                                 */s/ Alice R. Senechal*
                                                 Alice R. Senechal
                                                 United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Federal Rule of Civil Procedure 72(b), and District of North Dakota Civil Local Rule 72.1(D)(3), any party may object to this Supplemental Report and Recommendation by filing with the Clerk of Court no later than September 21, 2015, a pleading specifically identifying those portions of the Supplemental Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

**Objections which have been filed in response the July 15, 2015 Report and Recommendation need not be repeated in response to this Supplemental Report and Recommendation.**