IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

Rodney J. Ireland, et al.,

        Plaintiffs,

      -vs-

Maggie D. Anderson, Executive
Director, North Dakota Department of
Human Services, et al.,

        Defendants.

Case No. 3:13-cv-03

**ORDER ADOPTING, IN PART,
REPORT & RECOMMENDATION**

## I.    Procedural Background

On July 15, 2015, the court received a Report and Recommendation from the

Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636,

recommending against dismissal of claims on *res judicata* grounds, but recommending

dismissal of the following claims: claims involving plaintiffs who are not currently civilly

committed; claims against the Department of Corrections and Rehabilitation ("DOCR") and

its director; claims against state officials in their personal capacities; and claims alleged

under the Americans with Disabilities Act.[1]

The plaintiffs filed objections to the Report and Recommendation.[2]  In particular,

plaintiffs contend that the proposed class members who have been discharged from the Sex

Offender Treatment and Evaluation Program and the North Dakota State Hospital

("NDSH") should not be dismissed because they, as persons determined to be a "Sexually

---

[1] Doc. #191.

[2] Doc. #197.

Dangerous Individual" ("SDI") are subject to, by statute[3], a monetary claim seeking reimbursement of expenses for up to six years by the Department of Human Services. The plaintiffs further contend that the statutory regime subjects SDIs to treatment different than other persons, including prison inmates and those civilly committed for treatment, and that the threat that the statute may be enforced is sufficient to show injury-in-fact for purposes of standing and a mootness analysis.

The plaintiffs also objected to the portion of the Report and Recommendation that recommended dismissal of Leann Bertsch and the DOCR on the grounds that the magistrate judge erred in narrowly construing the due process claims, and the allegations as contained in the complaint are sufficient to state a claim upon which relief may be granted.

Lastly, plaintiffs objected to the dismissal of the Americans with Disability Act claims, asserting they have satisfied notice pleading, the allegations are sufficient to state a claim for relief, and the defendants are in control of the information necessary to support their claims.

Approximately a week after the Report and Recommendation was filed, the parties stipulated to the filing of a fourth amended complaint.[4] A couple days later, plaintiffs moved to file a fifth amended complaint and filed objections to the Report and Recommendation. The court authorized the filing of the fifth amended complaint, which is the most current version before the court for consideration.[5]

On September 9, 2015, the court received a Supplemental Report and

---

[3] N.D. Cent. Code § 25-03.3-21.

[4] Doc. #195

[5] Doc. #200.

Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending dismissal of the claims in the fifth amended complaint involving plaintiffs who are not currently civilly committed as well as the claims against state officials in their personal capacities. The magistrate judge recommended denying the defendants' motion to dismiss as to all other issues. Both parties filed objections to the Supplemental Report and Recommendation.[6] The court has carefully considered the complaint, the record, the magistrate judge's Reports and Recommendations, as well as all objections, and now issues this decision.

## II.    Analysis

### 1.    *Plaintiffs Who Are Not Currently Civilly Committed as SDIs*

Eight of the named plaintiffs are not currently civilly committed. The magistrate judge recommended dismissal of these claims on the ground that they are moot. The plaintiffs respond that dismissal is improper because the negative consequences stemming from the designation of an SDI are sufficient to allege injury-in-fact and thus a live controversy exists. The alleged negative consequences include "ongoing social stigma" as well as the Department of Health Services' statutory right to demand payment for expenses relating to the plaintiffs' commitment.

The plaintiffs' claim regarding "ongoing social stigma" necessarily arises from a judicial determination that the individual meets the criteria for a SDI. The judicial commitment orders are not subject to review in this action. Moreover, in order to be released, there must have been a judicial determination that the individual is no longer deemed a SDI. The court is not persuaded that the plaintiffs who are not currently civilly

---

[6] Docs. #228 & 229.

committed have standing to sue because of alleged ongoing social stigma.

In contrast, N.D. Cent. Code § 25-03.3-21 provides for the recovery of expended sums or provided services for the committed individual for up to six years after the department paid the expense. The plaintiffs assert that some SDIs have made payments for expenses incurred while at the NDSH. The plaintiffs further assert that SDIs who have been released receive (and continue to receive) dunning letters. The letter is in the form of an invoice from the NDSH that includes the amount owed and indicates in capital letters that the account will be sent to a collection agency.[7] The demand for payment and potential collection proceedings arise because of their designation as a SDI. The court finds that the demand for payment, arising under N.D. Cent. Code § 25-03.3-21, in the form of a dunning letter constitutes a continuing injury for which the proposed class members have standing to seek injunctive relief. The defendants' motion to dismiss the claims of Ryan Corman, Matthew Graham, Rodney J. Ireland, Joshua Keeping, Lester McGillis, Paul Oie, Timothy Olpin, and Kevette Moore for lack of standing and or mootness is **DENIED**.

2.    *Claims against DOCR and Leann Bertsch*

The Report and Recommendation recommended that all claims against the DOCR and Leann Bertsch be dismissed. The Supplemental Report and Recommendation recommends against dismissal in light of the revisions to the complaint filed after the earlier Report and Recommendation. Defendants object to the Supplemental Report and Recommendation, asserting the procedural due process claim fails as a matter of law and the substantive due process claim should be dismissed for lack of standing and as a matter of law.

---

[7] Doc. #229-1.

The procedural due process claim alleged by the plaintiffs concerns DOCR's pre-petition process. North Dakota law requires that approximately six months before the projected release date of an inmate, the department is to complete an assessment of the inmate to determine whether a recommendation is to be made to a state's attorney for civil commitment.[8] If, after completion of the assessment, the department determines the inmate may meet the definition of a SDI, the department is to refer the inmate to the state's attorney of a county. Following receipt of the referral, but at least 60 days before the inmate's release date, the state's attorney is to notify the DOCR and the attorney general whether the state's attorney intends to file a civil commitment petition. If the DOCR authorizes a petition, the district court determines whether the individual must be detained pending a commitment hearing.

The plaintiffs maintain that this process unconstitutionally deprives them of liberty without notice because the DOCR does not inform an inmate of possible detention for commitment proceedings until immediately before the scheduled release date from DOCR custody. The lack of notice, according to plaintiffs, results in few contested probable cause hearings. Tied into this claim is plaintiffs' claim that the defendants have violated substantive due process rights because DOCR's referral process lacks a rational basis by utilizing "discredited actuarial instruments" in the selection of inmates to be referred for SDI proceedings. Although defendants contend the plaintiffs lack standing to bring such a claim because they are no longer in DOCR custody, it appears from the record that several SDI plaintiffs are, in fact, in DOCR custody. Moreover, the duration of time in which the inmate is in DOCR custody and aware of the potential SDI commitment proceedings is

---

[8] N.D. Cent. Code §25-03.3-03.1.

short.  By the time the inmate in DOCR custody is aware of the referral, they are moved out of DOCR custody and in the midst of the process of being committed as an SDI.  By statute, release of a potential SDI from DOCR custody for a SDI evaluation and committal as an SDI is approximately 60 days.

The court finds the allegations in the complaint are sufficient to survive a motion to dismiss and that the plaintiffs alleging due process claims have standing to pursue them. The defendants' motion to dismiss the due process claims is **DENIED**.

3. *Personal Capacity Claims*

The Report and Recommendation recommends dismissal of the personal capacity claims.  The plaintiffs have not objected to the recommendation.[9]  The defendants' motion to dismiss the personal capacity claims is **GRANTED**.

4. *Americans with Disabilities Act ("ADA") Claims*

Certain plaintiffs have alleged that they were denied appropriate treatment in the least restrictive setting, were treated differently from other similarly situated NDSH patients who are not SDIs, and received no accommodations or treatment for their non-sexual disabilities. The magistrate judge explained that the ADA excludes sexual behavioral disorders as a disability and status as a sex offender does not qualify as a disability under the ADA.  In the current complaint, plaintiffs add a new party and allege Oliver Wardlow has a mental disability that substantially limits his ability to work, and that he has in the past qualified for Supplemental Security Income (SSI) benefits on that basis.  In addition, the complaint alleges that Wardlow is not receiving adequate care for his mental disability at the NDSH and he should be housed in a more appropriate facility.  This court finds these

---

[9] Doc. #229, n. 1.

allegations pertaining to Wardlow are sufficient to survive a motion to dismiss.

The court has reviewed the current complaint and agrees with the magistrate judge for the reasons stated in her Report and Recommendation that plaintiffs McGillis and Olpin have failed to state a claim upon which relief may be granted under the ADA. The defendants' motion to dismiss the ADA claims is **GRANTED, IN PART**.

## III. Decision

Having reviewed the complaint, the motions, the magistrate judge's Reports and Recommendations, as well as the parties' objections, the court **HEREBY ORDERS** as follows:

(1) The claims against Maggie D. Anderson and Leann Bertsch in their personal capacities are **DISMISSED** with prejudice;

(2) The claims against Alex Schweitzer, in both his personal and official capacities, are **DISMISSED** with prejudice in light of the substitution of his successor as to official capacity claims;

(3) The claims asserted by Lester McGillis and Timothy Olpin under the ADA are **DISMISSED** with prejudice.

(4) The defendants' motion to dismiss is in all other respects **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2015.

/s/  *Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court