IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Rodney J. Ireland, et al., | Case No. 3:13-cv-03 |
| --- | --- |
| Plaintiffs, | |
| -vs- | **ORDER ADOPTING REPORT & RECOMMENDATION; AFFIRMING IN PART AND REVERSING IN PART OCTOBER 15, 2015 DISCOVERY ORDER; AND AFFIRMING DECEMBER 15, 2015 DISCOVERY ORDER** |
| Maggie D. Anderson, Executive Director, North Dakota Department of Human Services, et al., | |
| Defendants. | |

Before the court are plaintiffs' objections to Magistrate Judge Senechal's Report and Recommendation[1] regarding their motion for a preliminary injunction[2]; and plaintiffs' appeal of Magistrate Judge Senechal's Discovery Orders dated December 15, 2015 and October 15, 2015.[3] The court has considered the objections and appeal as well as the entire record and now issues this order.

I. **Discovery Orders**

A district judge's review of a magistrate judge's order on a nondispositive matter is governed by Federal Rule of Civil Procedure 72(a). When timely objections are filed, the district court must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of any non-privileged matter that is relevant to any party's claim or defense and proportional to the

---

[1] Doc. #284.

[2] Doc. #297.

[3] Doc. #295.

1

needs of the case. The court is to consider the importance of the issues in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery, and the burden and expense of the proposed discovery compared to its likely benefit. Information within the scope of discovery need not be admissible to be discoverable.[4] Discovery may be limited if: (1) the requested discovery is unreasonably cumulative, duplicative, or can be obtained from another source that is more convenient; (2) the party seeking discovery has had ample opportunity to obtain the information; or (3) the burden or expense of the requested discovery outweighs its likely benefits.[5] "The management of discovery is committed to the sound discretion of the trial court."[6]

### A. October 15, 2015 Order

On October 15, 2015, Magistrate Judge Senechal ordered, in part, that defendants produce the following documents:

(1) As to each of the named plaintiffs, all orders on petitions for review, from the date of initial commitment to the present;
(2) As to persons who are not named plaintiffs, but who are, or have been, civilly committed as SDI's, all orders on petitions for review from January 1, 2010 to the present; and
(3) As to persons who were the subjects of petitions for civil commitment as SDI's, which petitions were denied by the court, all orders entered since January 1, 2010.

The plaintiffs sought orders dating back to January 1, 2003, rather than January 1, 2010, as ordered. They contend that this information is important because they have alleged that

---

[4] Fed.R.Civ.P. 26(b)(1)

[5] Fed.R.Civ.P. 26(b)(2)(C).

[6] In re Missouri Dep't of Nat. Res., 105 F.3d 434, 435 (8th Cir. 1997) (citing Bunting v. Sea Ray, Inc., 99 F.3d 887, 890 (8th Cir. 1996)).

the state in 2003 "radically changed" its SDI referral standards, it transformed the SDI unit at the state hospital from a hospital to a penal facility, and it implemented a policy of unconstitutional preventive detention. The defendants object to production of the additional documents, asserting the pre-2010 petition denial orders would be cumulative and they have no evidentiary value.

The court, having considered all of the arguments of the parties, finds that, in light of the nature of the allegations in this litigation, plaintiffs should be allowed to review the orders in question dating back to January 1, 2003. The court is not in a position, contrary to defendants' argument, to determine at this stage whether the orders in question are cumulative or lacking in evidentiary value. The magistrate judge's order dated October 15, 2015 is affirmed in all respects except for the January 1, 2010 date, which is overruled. The defendants are ordered to produce, in addition to any other documents ordered by the magistrate judge, the following documents:

(A) As to persons who are not named plaintiffs, but who are, or have been, civilly committed as SDI's, all orders on petitions for review from January 1, 2003 to the present; and

(B) As to persons who were the subjects of petitions for civil commitment as SDI's, which petitions were denied by the court, all orders entered since January 1, 2003.

B. *December 15, 2015 Order*

On December 15, 2015, Magistrate Judge Senechal denied the plaintiffs' motion to compel discovery of the identity and documents of SDI committees and evaluees without a signed release. The defendants object to production of these documents on grounds of relevance, over breadth, undue burden, and confidentiality.

The court has considered the arguments of the parties and finds that the magistrate

judge's decision is not contrary to law or clearly erroneous. The records that have been, or will be produced, are sufficient to establish any systemic constitutional violations that might exist. The court finds no error in the magistrate judge's weighing of the burden to defendants with regard to certain aspects of plaintiffs' requests and the privacy interests of non-parties. The plaintiffs' objections are overruled. The magistrate judge's order dated December 15, 2015, that denied the plaintiffs' request to produce additional documents in response to Interrogatory Request No. 30 is affirmed.

## II.     Preliminary Injunction

Subsequent to an evidentiary hearing, on December 8, 2015, the magistrate judge issued a Report and Recommendation recommending that the plaintiffs' motion for a preliminary injunction be denied. Review of a magistrate judge's Report and Recommendation is governed by 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure. Under the statute and rule, the court reviews *de novo* any objections that are timely made and specific.

The plaintiffs have listed a number of objections, including (1) that the court's order should reflect that the motion was granted in part and denied in part because of policy changes that were a "direct result" of filing the motion for preliminary injunction; (2) that the magistrate judge erred in requiring the plaintiffs to show actual injury regarding treating sexually dangerous individual's documents that identify Sex Offender Treatment and Evaluation program staff members by name as contraband; and (3) that the magistrate judge erred in requiring the plaintiffs to show actual injury regarding the state's policy of treating legal documents from the Internet as contraband.

With regard to the first objection, issues settled by the parties prior to the magistrate

4

judge's Report and Recommendation renders those portions of the motion for preliminary injunction moot. There is neither a need to reiterate the settled issues, nor are the settled issues a basis upon which the court considers the propriety of a preliminary issue with regard to the disputed issues. The plaintiffs' objection is overruled.

"A preliminary injunction is an extraordinary remedy never awarded as of right."[7] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[8] Preliminary injunctions are designed to preserve the status quo and prevent irreparable harm until a decision on the merits of the underlying claims is made.[9] "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[10]

The plaintiffs assert that they need not prove actual injury/harm before being entitled to injunctive relief because they ought to be deemed pretrial detainees rather than prisoners and thus a different standard should apply. The disputed policies concern alleged violations of the plaintiffs' right to access to the courts. Upon reviewing the case law, the court believes the magistrate judge applied the correct standard. Regardless, the other factors do not tip in plaintiffs' favor. Whether or not the plaintiffs must show actual injury,

---

[7] Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

[8] Winter, 555 U.S. at 20 (2008); Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).

[9] Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

[10] Id.

5

the court finds the plaintiffs have failed to establish irreparable harm, or that the balance of harms and interest of the public weigh in their favor. The plaintiffs' objections to the Report and Recommendation are overruled. The magistrate judge's Report and Recommendation is adopted in its entirety.

## III. Decision

Having reviewed the orders, the parties' motions and supporting documents, the magistrate judge's Report and Recommendation, as well as the plaintiffs' objections and defendants' responses, the court **HEREBY ORDERS** as follows:

1. The October 15, 2015 Order is **AFFIRMED IN PART AND REVERSED IN PART**. The defendants are ordered to produce, in addition to any other documents ordered by the magistrate judge, the following documents:

    (A) As to persons who are not named plaintiffs, but who are, or have been, civilly committed as SDI's, all orders on petitions for review from January 1, 2003 to the present; and

    (B) As to persons who were the subjects of petitions for civil commitment as SDI's, which petitions were denied by the court, all orders entered since January 1, 2003.

    The Order is affirmed in all other respects.

2. The December 15, 2015 Order is **AFFIRMED** in its entirety.

3. The Report and Recommendation on the motion for preliminary injunction is **ADOPTED** in its entirety. The plaintiffs' motion for a preliminary injunction is **DENIED**.

Dated this 24th day of March, 2016.

>   */s/   Ralph R. Erickson*
>   Ralph R. Erickson, Chief Judge
>   United States District Court