IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Rodney J. Ireland, et al.,<br><br>    Plaintiffs,<br><br>-vs-<br><br>Maggie D. Anderson, Executive Director, North Dakota Department of Human Services, in her official capacity, et al.,<br><br>    Defendants. | Case No. 3:13-cv-03<br><br>**ORDER ADOPTING REPORTS AND RECOMMENDATIONS (DOCS. #403 & #449)** |

    On September 22, 2016, the court received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that the defendants' motion for partial summary judgment be granted in part and denied in part and that the plaintiffs' cross-motion for partial summary judgment be granted in part and denied in part.[1] The magistrate judge also recommended that the plaintiffs' motion to strike be considered a motion to exclude evidence for purposes of these motions and that the document at issue not be considered in connection with the pending motions.[2]

    Both the plaintiffs and the defendants filed objections to the Report and Recommendation.[3] The defendants request that the undersigned deny the plaintiffs' cross-motion for partial summary judgment in its entirety because plaintiffs' facial challenge to North Dakota Century Code chapter 25-03.3 fails as a matter of law, and deny the plaintiffs'

---

[1] Doc. #403.

[2] Id.

[3] Docs. #413 & 415.

1

motion to strike because the motion seeks to limit the defendants' ability to defend against the allegations of unconstitutionality by punishing them for complying with HIPAA and disclosing the information in the form ordered by the court.[4] The plaintiffs request that the undersigned reject the magistrate judge's finding that sexually dangerous individuals are not similarly situated for equal protection purposes with "persons requiring treatment" subject to civil commitment under North Dakota Century Code chapter 25-03.1.[5] They also requested permission to brief the issue of whether the plaintiffs lack standing to raise certain claims under North Dakota Century Code chapter 25-03.3 regarding commitment without a prior criminal conviction and without requiring proof beyond a reasonable doubt of sexually predatory conduct.[6] Both the defendants and the plaintiffs filed responses to the other side's objections.[7]

The magistrate judge permitted supplemental briefing on the standing issue related to the plaintiffs' request for a declaration that North Dakota Century Code chapter 25-03.3, on its face, violates substantive due process rights. After completion of briefing and a review of the new evidence presented by the plaintiffs, on November 21, 2016, the magistrate judge filed a Supplemental Report and Recommendation, finding that none of the four individuals identified by the plaintiffs have standing to pursue the asserted claims.[8]

---

[4] Doc. #413.

[5] Doc. #415.

[6] Id.

[7] Docs. #428 & 429.

[8] Doc. #449.

The plaintiffs filed objections to the Supplemental Report and Recommendation[9] and also filed citations to supplemental authority.[10] The plaintiffs contend that the Supplemental Report and Recommendation erred in concluding that the identified plaintiffs have not established injury in fact by utilizing a flawed analysis of whether indecent exposure is sexually predatory conduct, misallocating the burden of proof, and construing the "fairly traceable" standard in a way that finds the plaintiffs have failed to establish the requirement. The defendants filed a response to the plaintiffs' objections[11] and also citations to supplemental authority.[12]

A *de novo* review of the record, the parties' arguments, and applicable case law establishes that with regard to the plaintiffs' Eighth Amendment claims, the only claims that survive summary judgment pertain to the plaintiffs whose only sexually predatory conduct occurred while they were juveniles. No plaintiff, including those identified in the supplemental briefing, has standing to raise a claim that chapter 25-03.3 is facially unconstitutional because it allows SDI commitment both without prior criminal conviction and without requiring proof beyond a reasonably doubt of sexually predatory conduct. As a matter of law, North Dakota Century Code chapter 25-03.3 is unconstitutional on its face because it does not require that the defendants initiate court proceedings for release of individuals who no longer meet SDI criteria.

In summary, the court hereby adopts the magistrate judge's Report and

---

[9] Doc. #455.

[10] Doc. #477.

[11] Doc. #459.

[12] Doc. #472.

Recommendation and Supplemental Report and Recommendation in their entirety and hereby incorporates the analyses by reference in this order. Upon *de novo* review, the undersigned is not persuaded by any of the evidence submitted or arguments advanced for reversing the magistrate judge's analysis set forth in the Report and Recommendation or Supplemental Report and Recommendation. For the reasons stated therein, summary judgment is **GRANTED** in favor of all defendants as to the following claims:

(1) all claims based on allegations that Rodney J. Ireland, Matthew Graham, Christopher Simon, John Westlie, Michael Kruk, and Roberty Lilley were minors during their SDI commitment proceedings;

(2) plaintiffs' equal protection claim based on the plaintiffs being similarly situated to persons incarcerated because of criminal convictions;

(3) plaintiffs' equal protection claim based on plaintiffs being similarly situated to persons requiring treatment under chapter 25-03.1;

(4) plaintiffs' claim that chapter 25-03.3 is unconstitutional on its face because it does not include a right to a jury trial in SDI commitment proceedings; and

(5) allegations in the Sixth Amended Complaint that chapter 25-03.3's allowing for indefinite commitment; allowing for commitment without a criminal conviction; or allowing for commitment based on clear and convincing evidence violates substantive due process on its face.

Summary judgment is **GRANTED** in favor of plaintiffs as to the following claim:

(1) chapter 25-03.3 is unconstitutional on its face because it does not require that the defendants initiate court proceedings for release of individuals who no longer meet SDI criteria.

4

The plaintiffs' cross-motion for partial summary judgment as it relates to a claim that chapter 25-03.3 is facially unconstitutional because it allows SDI commitment both without a prior criminal conviction and without requiring proof beyond a reasonable doubt of sexually predatory conduct is **DENIED**.

The defendants' motion for partial summary judgment as it relates to (a) Larry Rubey's claims; (b) plaintiffs' claim that application of chapter 25-03.3 to those whose only sexually predatory conduct occurred while juveniles and constitutes unconstitutional cruel and unusual punishment; and (c) on any matter other than the plaintiffs' claim that chapter 25-03.3's annual examination requirement does not meet substantive due process standards is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of March, 2017.

*/s/ Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court