IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Rodney J. Ireland, Lester McGillis, Gerald DeCoteau, William Carter, Ryan Corman, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Jeremy Johnson, Michael Kruk, Garrett Loy, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie, Robert Lilley, Darl Hehn, Oliver Wardlow, Joshua Keeping, Matthew Dyer, Travis Wedmore, Kyle Aune, Marcus Bartole, Jason Gores, Estel Naser, Andrew Olafson, Stanton Quilt, Raymond Voisine, Eugene Wegley, David Anderson, Eugene Fluge, Robert Beauchamp, and Sandy Mangelsen,<br><br>Plaintiffs,<br><br>-vs-<br><br>State of North Dakota, North Dakota, Department of Human Services, North Dakota State Hospital, Dr. Rosalie Etherington, Superintendent of the North Dakota State Hospital, and Christopher Jones, Executive Director of the North Dakota Department of Human Services,<br><br>Defendants. | Case No. 3:13-cv-03<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO SET ASIDE DISMISSAL OF DOCR CLAIMS AND TO ALLOW JEFFREY WRIGHT BE ADDED AS A PLAINTIFF** |

The court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that (1) the plaintiffs' motion to set aside the order dismissing the DOCR claims be granted; (2) that the motion to add Jeffrey Wright as a plaintiff be reconsidered and granted; and (3) that the plaintiffs' motion for leave to file a motion for reconsideration be dismissed as

1

moot.[1] The defendants have objected to the Report and Recommendation.[2] The plaintiffs have responded to the defendants' objections.[3]

The defendants contend that adding Wright as a plaintiff would be futile because of the inherent flaw in the proposed DOCR Class's definition which includes sex offenders committed to the custody of the DOCR who will be referred to a state's attorney for civil commitment. The defendants' additional argument is that Wright does not have standing to represent those who have been referred to a state's attorney for civil commitment. The defendants maintain that the plaintiffs' renewed motion and pleadings do not change the court's underlying findings regarding standing for the proposed DOCR Class.

Upon review of the record, the magistrate judge's Report and Recommendation, and the parties' arguments, in light of the newly discovered evidence regarding Wright's referral to the DOCR for civil commitment proceedings, the court finds that the plaintiffs have provided sufficient reason under Fed.R.Civ.P. 54(b) to set aside the court's previous order of dismissal of the DOCR defendants. Moreover, good cause exists under Rule 16(b)(4) to reconsider the previous order[4] denying the plaintiffs' motion[5] to add Wright as an additional plaintiff. The defendants will have an opportunity to present their arguments on standing and the appropriateness of class certification and the plaintiffs will have a chance to respond to those arguments.

---

[1] Doc. #578.

[2] Doc. #588.

[3] Doc. #589.

[4] Doc. #450.

[5] Doc. #417.

**IT IS HEREBY ORDERED** that the plaintiffs' motion[6] to set aside the court's order[7] dismissing the DOCR claims is **GRANTED**. The court's order dated May 23, 2017, is **VACATED**. The plaintiffs' motion[8] to add Wright as a plaintiff is reconsidered and **GRANTED**. The court's order[9] dated November 21, 2016, denying the motion is **VACATED**. The plaintiffs' motion[10] for leave to file a motion for reconsideration is **DISMISSED as moot**. The defendants may file a new motion challenging Wright's standing or other issues arising from the addition of Wright as a plaintiff.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2017.

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

---

[6] Doc. #549.

[7] Doc. #543.

[8] Doc. #417.

[9] Doc. #450.

[10] Doc. #553.